**In re David LANDRY, Former Judge of the District Court, Third Judicial District at Kenai, Alaska.**

**No. S–12566.**

Supreme Court of Alaska.

May 18, 2007.

---

**28.** Because we are convinced that a remand will resolve the majority of potential due process issues raised by this case, we decline to reach Lakloey's due process arguments or decide whether those arguments have been waived. Lakloey does, however, raise one issue that gives us pause. In its opening brief on appeal, Lakloey questions the propriety of the Chief Procurement Officer's employment of a single attorney as both his advisor and the hearing officer. Although this dual employment raises concerns, we do not reach the issue for two reasons. First, Lakloey concedes in its reply brief that this issue "was not raised in this appeal and is not before the court." Second, UAF has the opportunity on remand to employ a new hearing officer who has not also acted as the Chief Procurement Officer's advisor.

Before: FABE, Chief Justice, and MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

### Amended Order of Public Censure

David Landry was, until February 5, 2007, a judge of the District Court for the State of Alaska, serving in Kenai. In late January 2007, the Alaska Commission on Judicial Conduct recommended that this court accept a stipulation entered into by special counsel to the commission, by Landry, and by Landry's counsel. That stipulation was signed by respective counsel December 21, 2006, and by Landry January 3, 2007. The stipulation provides as follows:

### STIPULATION FOR FINDINGS AND DISPOSITION

The Commission's Special Counsel, Respondent, and Respondent's counsel stipulate as follows:

### FINDINGS

■ The commission shall make findings that Judge David Landry engaged in the following conduct that violates AS 22.30.011(a)(3)(A), (B), (C), (D), and (E) and Canons 1, 2 A, 2 B, 3 B(1), 3 B(2)(a), 3 B(2)(b), 3 B(5), 3 B(7), 3 B(8), 3 C(1), 3 C(2) and 3 E(1) of the Alaska Code of Judicial Conduct (1995).

(1) Beginning in approximately December 1, 2004, until April 2006 when the procedure was stopped, Judge Landry made pre-signed bail orders available for use by prosecutors for all out-of-custody arraignments. Judge Landry's practice was to leave the bench and allow the prosecutor to fill in the blanks on the pre-signed orders, which then would be filed with the court. This practice of pre-signing judicial orders and allowing the prosecution to decide the particulars for out-of-custody defendants without judicial supervision violates Canons 1, 2 A, 3 B(1), 3 B(2)(a), 3 B(2)(b), 3 B(7), 3 B(8), 3 C(1) and 3 C(2) of the Alaska Code of Judicial Conduct.

(2) Prior to April 2006, Judge Landry controlled the tracking of Rule 45 speedy trial time frames while the customary court procedure was to have court staff track those time frames. Due to a lack of diligence in maintaining accurate tracking of the Rule 45 time constraints, at least 14 criminal cases in 2005 were required by law to be dismissed. This administrative failure that resulted in a lack of prosecution in a significant number of criminal cases violates Canons 2 A, 3 B(1), 3 B(8), 3 C(1), and 3 C(2) of the Alaska Code of Judicial Conduct.

(3) While serving as a magistrate, Judge Landry engaged in improper ex parte communications and presided over a matter where he should have disqualified himself, thus giving rise to circumstances suggesting that he gave preferential treatment to the defendant in *State of Alaska v. Jeremy Ness*, 3KN–02–339 CR in violation of Canons 2 A, 2 B, 3 B(2)(b), 3 B(7) and 3 E(1) of the Alaska Code of Judicial Conduct.

(4) Judge Landry made inappropriate sexual comments to female court employees in the workplace. These included a note to a female employee that her "Hillbilly thermometers are distracting", a note to a female court clerk referring to a juror, stating, "I think Ms. _____ wants me," describing one court clerk as a "shameless hussy", and commenting on other physical attributes and the attire of court clerks and other persons who appeared before the court. These statements violate Canons 2 A, 3 B(1), and 3 B(5) and 3 C(1) of the Alaska Code of Judicial Conduct.

## CONCLUSIONS AND DISPOSITION

 As a result of these violations of AS 22.30.011 and the referenced Judicial Canons, and given that Judge Landry was not retained by the electorate in the November, 2006 election, and his office is therefore due to terminate as required by statute, the parties stipulate that the following procedure and sanction is appropriate:

1) Pursuant to AJCC Rule 20(b), a public hearing will be held on January 22, 2007, at which time this stipulation shall be presented to the Commission by Special Counsel, Judge Landry and Judge Landry's counsel.

2) The recommendation for disposition agreed to by the parties is that the Commission shall recommend to the Supreme Court that:

a) Pursuant to AS 22.30.011(d)(2), Judge Landry shall be publicly censured for the referenced violations of AS 22.30.011(a)(3), and the Judicial Canons; and

b) Judge Landry agrees that he shall at no time in the future seek or hold a position as a judicial officer in the State of Alaska.

3) Any disposition shall be subject to approval by the Supreme Court, and does not take effect until approved by the court.

4) This stipulation shall be of no effect unless a majority of the members of the Judicial Conduct Commission accept it and refer the matter to the Supreme Court with the stipulated disposition.

5) This stipulation shall be of no effect unless the Supreme Court accepts the stipulated disposition.

6) Neither party will advocate with the Alaska Supreme Court for any disposition other than that contained in this stipulation.

7) Judge Landry agrees to take no action, directly or indirectly, against any person for providing information in connection with this investigation or the investigation of the Alaska Judicial Council regarding this matter.

8) Subject to paragraph 9 below, this stipulation shall constitute a full and final resolution of all matters related to the above described allegations against Judge Landry, as well as any other matters concerning Judge Landry known to the Commission through its Executive Director and Special Counsel on the date of the Supreme Court's acceptance of this stipulated disposition.

9) Should Judge Landry seek a position as a judicial officer contrary to paragraph 2(b), above, the Commission may reopen this matter and any other matters concerning Judge Landry that are known to the Commission through its Executive Director and Special Counsel on the date of the Supreme Court's acceptance of this stipulated disposition, and proceed to a hearing and disposition.

After receiving this recommendation and reviewing the stipulation, and because the court was aware that Landry had vacated his judicial office, the court asked the commission and Landry to inform the court how public censure was to be administered and, if written censure was sufficient, how it should be administered. The commission has responded to that inquiry; Landry responded that "a personal appearance ... is not necessary, a written censure is sufficient, and publication should be issued in unpublished form."

Upon consideration of the stipulation and the recommendation, the court accepts the Stipulation for Findings and Disposition, and approves and adopts the findings and conclusions.

## DISPOSITION

The court consequently hereby publicly censures David Landry for the stipulated violations of AS 22.30.011(a)(3)(A), (B), (C), (D), and (E), and Canons 1, 2 A, 2 B, 3 B(1), 3 B(2)(a), 3 B(2)(b), 3 B(5), 3 B(7), 3 B(8), 3 C(1), 3 C(2), and 3 E(1) of the Alaska Code of Judicial Conduct (1995). In administering this censure, the court notes this circumstance: Judge Landry was not retained by the electorate at the November 2006 election and his judicial office was therefore deemed vacated per AS 22.15.170(e) not later than February 5, 2007.

The court is administering this public censure by issuing this order and requiring that it be published in the Pacific Reporter. No public appearance at a session of court would be served in this case, the judicial office having been vacated.

Entered by direction of the court.